1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9
10

CHANG K. KIM,

11

Plaintiff,

12

v.

Case No. 05-5362 FDB

13

GORDON R. ENGLAND, Secretary of the
United States Navy,

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY
JUDGMENT

14
15

Defendant.

16          This matter comes before the Court on Defendant's Motion for Summary Judgment seeking

17    dismissal of Plaintiff's claims for employment discrimination.  After reviewing all materials submitted

18    by the parties and relied upon for authority, the Court is fully informed and hereby grants the motion

19    of the Secretary of the Navy[1] and dismisses Plaintiff's case for the reasons stated below.

20                         **INTRODUCTION AND BACKGROUND**

21          Chang Kim, an employee of the Department of the Navy, filed suit against the Navy alleging

22    discrimination in employment on the basis of sex and national origin in violation of Title VII of the

23    Civil Rights Act, 42 U.S.C. § 2000e *et seq*. See, Plaintiff's Complaint at ¶ 6 and 7.  Although not a

24    _____

25          [1]Donald Winter is now the Secretary of the Navy

26    ORDER - 1

1   model of clarity[2], it appears that Kim is alleging that he was subject to disparate treatment when

2   subjected to an adverse employment action when, after a co-worker complained that Kim threatened

3   her, his supervisor conducted an investigation into his conduct and, based on the investigation

4   proposed that Kim be suspended from work for thirty days.  The suspension was ultimately mitigated

5   to five days and served by Mr. Kim.

6       Mr. Kim started working as a civilian employee for the Navy in 1984 and has worked for the

7   Industrial Support Division since approximately 1996.  During the relevant time period, Joan

8   Campbell was Mr. Kim's first line supervisor and Brian Mueller his second line supervisor.  Mr.

9   Mueller reported to Keith Button, the Deputy Director of the Industrial Support Department.

10      In August, 2000, a coworker, Elva Higginbotham, informed her supervisor, Joan Campbell,

11  that she felt threatened by remarks Mr. Kim had made to her.  These threatening remarks concerned

12  "paybacks" for statements Ms. Higginbotham had provided to management about her knowledge of

13  Mr. Kim's interactions with another coworker in connection with an appeal of a disciplinary action

14  taken against Mr. Kim.  Ms. Campbell conducted an investigation and learned from another

15  coworker, Paul Hughes, that Mr. Kim had made similar remarks to Mr. Hughes.  Mr. Kim's sole

16  response to the allegations was his denial that he had threatened Higginbotham with "payback.."

17  Satisfied that the allegations had merit, Ms. Campbell provided Mr. Kim with a Notice of Proposed

18  Suspension for 30 days for inappropriate conduct.  Subsequently, Mr. Kim met with Keith Button,

19  the management official responsible for making the final decision on the proposed suspension.  On

20  October 24, 2000, after evaluation all pertinent facts, Mr. Button issued the Decision on the Notice

21  of Proposed Suspension.  The charge was sustained but mitigated from thirty days to five.

22      Mr. Kim filed a formal complaint of discrimination with the Equal Employment Opportunity

23

24      [2]Plaintiff's Complaint does not set forth any factual allegations, but refers to the EEOC
    Decision by the Administrative Judge as setting forth the adverse employment action based on sex
25  and national origin discrimination.  See, Plaintiff's Complaint at ¶ 6.

26  ORDER - 2

1  Commission (EEOC) on September 25, 2000, wherein he alleged he was discriminated against by the

2  investigation into the Higginbotham complaint and the Notice of Proposed Suspension.

3    On September 8, 2004, the EEOC Judge granted summary judgment in favor of the Navy

4  finding that Mr. Kim had failed to establish a prima facie case of discrimination.  The order of

5  summary judgment was affirmed on appeal to the Office of Federal Operations.

6  **SUMMARY JUDGMENT STANDARD**

7    Summary judgment is appropriate where there is no genuine issue of material fact and the

8  moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).  The moving party

9  bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex

10 Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once the moving party has met this burden, the

11 opposing party must show that there is a genuine issue of material fact for trial.  Matsushita Elec.

12 Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).   A dispute as to a material fact is

13 "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving

14 party.  Anderson v.Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The opposing party may not rest

15 upon the mere allegations or denials of the moving party's pleading, but must present significant and

16 probative evidence to support its claim.  Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d

17 1551, 1558 (9th Cir. 1991).  A plaintiff may not defeat a defendant's motion for summary judgment

18 merely by denying the credibility of the defendant's proffered reason for the challenged employment

19 action. Cornwell v. Electra Cent. Credit Union, 439 F.3d 1018, 1028 n.6 (9th Cir. 2006); Wallis v.

20 J.RSimplot Co., 26 F.3d 885, 890 (9th Cir. 1994).  Nor may a plaintiff create a genuine issue of

21 material fact by relying solely on the plaintiff's subjective belief that the challenged employment

22 action was unnecessary or unwarranted.  Cornwell, at 1028 n.6; Bradley v. Harcourt, Brace & Co.,

23 104 F.3d267, 270 (9th Cir. 1996).  Reasonable doubts as to the existence of material facts are

24 resolved against the moving party and inferences are drawn in the light most favorable to the

25 opposing party.  Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000).  Summary

26 ORDER - 3

1   judgment is mandated where the facts and the law will reasonably support only one conclusion.

2

3                                   **TITLE VII**

4        Title VII provides that "all personnel actions affecting employees... in executive agencies ...

5   shall be made free from any discrimination based on race, color, religion, sex or national origin." 42

6   U.S.C. 2000e-16, *et seq*.  A plaintiff alleging discrimination under Title VII may proceed either

7   under a theory of disparate treatment or disparate impact.  Gerdom v. Cont'l Airlines, 692 F.2d 602,

8   604-05 n. 2 (9th Cir. 1982).  The disparate treatment theory is appropriately employed, in cases such

9   as this one, where an aggrieved employee claims that he or she was intentionally treated less

10  favorably than others because of race, color, religion, sex, or national origin.  Cornwell v. Electra

11  Cent. Credit Union, 439 F.3d 1018, 1028  (9th Cir. 2005).  Two methods of establishing a prima

12  facie case of disparate treatment under Title VII are recognized in the Ninth Circuit. First, a plaintiff

13  may establish her case by submitting direct evidence of discriminatory intent.  Wallis v. J.R. Simplot

14  Co., 26 F.3d 885, 889 (9th Cir. 1994).  Second, a plaintiff may establish a prima facie case by

15  showing she is entitled to a presumption of discrimination arising from factors such as those set forth

16  in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973).  A plaintiff proceeding under

17  McDonnell Douglas is subject to a burden shifting analysis.  Cornwell, at 1028; McDonnell Douglas,

18  at 802-04.  First, the plaintiff must establish a prima facie case of discrimination.  If the plaintiff

19  establishes a prima facie case, the burden of production shifts to the defendant, who must articulate

20  some legitimate, nondiscriminatory reasons for the adverse action.  If the defendant bears its burden,

21  the production burden then shifts back to the plaintiff to show the reasons offered by the defendant

22  were not the true reasons but were a pretext for discrimination.  Cornwell, at 1028-29; McDonald

23  Douglas, at 803.  The plaintiff retains the burden of persuasion at all times.  Reeves v. Sanderson

24  Plumbing Prods., Inc., 530 U.S. 133, 143 (2000).

25        To establish a prima facie case under Title VII, a plaintiff must offer proof: (1) that the

26  ORDER - 4

1   plaintiff belongs to a class of persons protected by Title VII; (2) that the plaintiff performed his or

2   her job satisfactorily; (3) that the plaintiff suffered an adverse employment action; and (4) that the

3   plaintiff's employer treated the plaintiff differently than a similarly situated employee who does not

4   belong to the same protected class as the plaintiff.  Cornwell , at 1028; McDonnell Douglas, 802.

5       It is undisputed that Mr. Kim is an Asian-Pacific Islander male of Korean origin.  Mr. Kim's

6   national origin is a protected class, as is his sex.  See, Kang v. U. Lim America, Inc.,296 F.3d 810,

7   818 (9th Cir. 2002)(persons of Korean national origin are a protected class); Banks v. Pocatello

8   School District No. 25, 429 F. Supp.2d 1197, 1205 n 12 (D. Idaho 2006)(men, as well as women,

9   are a protected class from gender-based discrimination).  Also there is no dispute that he suffered an

10  adverse employment action when the Navy investigated, proposed discipline and later suspended Mr.

11  Kim for five days. See, Fonseca v. Sysco Food Services of Arizona, Inc., 374 F.3d 840 (9th Cir.

12  2004); Ray v. Henderson, 217 F.3d 1234, 1240 (9th Cir. 2000).  However, Mr. Kim has not shown

13  that the Navy treated him any differently than other similarly situated employees not in his protected

14  groups.  "[I]ndividuals are similarly situated when they have similar jobs and display similar

15  conduct." Josephs v. Pacific Bell, 432 F.3d 1006, 1017 (9th Cir. 2005); Vasquez v. County of Los

16  Angeles, 349 F.3d 634, 641 (9th Cir. 2003).  Mr. Kim's allegations that he was treated differently

17  based on gender and/or national origin are supported by nothing more than plaintiff's subjective

18  belief.  Mr. Kim has failed to establish a prima facie case of discrimination based on sex or national

19  origin.

20      Even had Kim made out a prima facie case of discrimination, he has not demonstrated that

21  the Navy's legitimate, nondiscriminatory reason for the employment action was pretexual.  The

22  Navy's explanation for its decision to investigate and suspend Kim was based on Kim's own

23  inappropriate conduct as reported by a co-worker and corroborated by others.  Under the

24  McDonnell Douglas framework, the burden would then shift back to Kim to offer direct or

25  circumstantial evidence "that a discriminatory reason more likely motivated the employer" to engage

26  ORDER - 5

1   in disparate treatment, <u>Cornwell</u>, at 1028, or to offer evidence that the "employer's proffered

2   explanation is unworthy of credence."  <u>Cornwell</u>, at 1029; <u>Mondero v. Salt River Project</u>, 400 F.3d

3   1207, 1213 (9th Cir. 2005).  Plaintiff can only survive summary judgment by presenting direct or

4   circumstantial evidence to show that the Navy's explanation is not credible.  Attacks on the

5   credibility witnesses are unavailing.  In judging whether the Navy's proffered justifications are false it

6   is not important whether they were objectively false.  Rather, courts only require that an employer

7   honestly believed its reason for its actions, even if its reason is "foolish or trivial or even baseless."

8   <u>Villiarimo v. Aloha Island Air, Inc.</u>, 281 F.3d 1054, 1063 (9th Cir. 2002); <u>Johnson v. Nordstrom,</u>

9   <u>Inc.</u>, 260 F.3d 727, 733-34 (7th Cir. 2001).  Mr. Kim has not presented any evidence, direct or

10   circumstantial of discrimination.  Mr. Kim has not presented any direct or circumstantial evidence of

11   pretext.  It is undisputed that Ms. Higginbotham reported to her supervisor that she felt threatened

12   by statements made by Mr. Kim.  It was appropriate for management to investigate.  The

13   investigation corroborate  Ms. Higginbotham's allegations and as a result Mr. Kim's supervisor

14   believed Ms. Higginbotham's version of the events and the proposed suspension was issued.  There

15   is no evidence whatsoever that these actions were motivated by Mr. Kim's national origin or sex, or

16   any other discriminatory animus toward Mr. Kim.

17        The Navy is entitled to summary judgment on the cause of action for national origin and sex

18   discrimination as there are no disputed issues of material fact supporting the claims.

19                      **HOSTILE WORK ENVIRONMENT**

20        Although not specifically plead in Plaintiff's Complaint, Mr. Kim raised the issue of a hostile

21   work environment in the referenced EEOC proceeding.  Giving the Plaintiff the benefit of doubt, the

22   Court will briefly address this claim.

23        To establish prima facie hostile work environment claim under Title VII, an employee must

24   raise triable issue of fact as to whether (1) he was subjected to verbal or physical conduct because of

25   his national origin or sex, (2) conduct was unwelcome, and (3) conduct was sufficiently severe or

26   ORDER - 6

1  pervasive to alter conditions of his employment and create abusive work environment.  Manatt v.

2  Bank of America, NA, 339 F.3d 792, 798 (9th Cir.2003).  A hostile work environment exists when

3  the work place is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently

4  severe or pervasive as to alter the condition of the victim's employment and create an abusive

5  working environment.  Faragher v. Boca Raton, 524 U.S. 775, 786 (1998).  The conduct must be

6  severe or pervasive enough to create an objectively hostile or abusive work environment; an

7  environment a reasonable person in the plaintiff's position would find hostile or abusive considering

8  all the circumstances. Faragher, at 787; Oncale v. Sundowner Offshore Services, Inc., 523 U.S. 75,

9  81 (1998); Ellison v. Brady, 924 F.2d 872, 879 (9th Cir.1991). The assessment of whether an

10  environment is objectively hostile "requires careful consideration of the social context in which the

11  particular behavior occurs and is experienced by its target." Oncale, at 81. The victim must perceive

12  the environment as hostile; the conduct must actually alter the conditions of the victim's employment.

13  Harris v. Forklift Systems, Inc., 510 U.S. 17, 21-22 (1993). Whether an environment is hostile or

14  abusive depends on all the circumstances including; the frequency of the discriminatory conduct; it's

15  severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and

16  whether it unreasonably interferes with an employee's work performance. Harris, at 23; Clark

17  County School Dist. v. Breeden, 532 U.S. 268, 271 (2001).  To be actionable, the acts complained

18  of must stem from racial animus are be of a sexual nature.  See, Fuller v. City of Oakland, 47 F.3d

19  1522, 1527 (9th Cir. 1995); Gregory v. Windnall, 153 F.3d 1071, 1074 (9th Cir. 1998).  Only when

20  "the workplace is permeated with *discriminatory intimidation*, ridicule, and insult," are the actions

21  sufficiently "severe or pervasive to alter the conditions of the victim's employment." Harris v.

22  Forklift Sys., Inc., at 21 (emphasis added).  An employer's investigation of the conduct of a federal

23  employee who is accused of harassment does not itself constitute harassment so as to create a hostile

24  work environment. See,  Flanagan v. Ashcroft

25  316 F.3d 728, 729 (7th Cir. 2003); McDonnell v. Cisneros, 84 F.3d 256 (7th Cir. 1996).

26  ORDER - 7

1    Here, Mr. Kim has not made out a prima facie case of hostile work environment, as he has

2  presented no evidence that he suffered gender or national origin harassment.  The Navy is entitled to

3  summary judgment on a claim of hostile work environment.

4                                              **RETALIATION**

5    Also not specifically plead in the Complaint, but raised in the EEOC proceedings is claim of

6  retaliation for filing a prior EEOC complaint.  Again, reading the Complaint as incorporating the

7  EEOC proceedings, the Court will briefly address this issue.

8    To establish a prima facie case of retaliation, Plaintiff must produce specific and substantial

9  evidence that he (1) engaged in statutorily protected activity; (2) thereafter suffered an adverse

10  employment action at the hands of his supervisors and (3) a causal link exists between his protected

11  activity and the adverse employment action. <u>Vasquesz v. County of Los Angeles</u>, 307 F.3d 884, 896

12  (9th Cir.  2002); <u>William Ray v. William Henderson, Postmaster General</u>, 217 F.3d 1234, 1239 (9th

13  Cir. 2000).  Plaintiff must present evidence sufficient to raise an inference that his protected activity

14  was the "likely reason" for the adverse action. <u>Cohen v. Fred Meyer, Inc.</u>, 686 F.2d 793, 796 (9th

15  Cir. 1982).

16    In this case, Mr. Kim has produced no evidence of a causal link between a prior EEOC

17  complaint and the investigation and proposed suspension.  To establish that there was a causal link

18  between protected activity and an adverse employment decision, as required to establish prima facie

19  case of retaliation under Title VII, Mr Kim must show by a preponderance of the evidence that

20  engaging in the protected activity was one of the reasons the investigation and proposed suspension

21  and that but for such activity he would not have been subject to the adverse employment action.

22  <u>Villiarimo v. Aloha Island Air, Inc.</u>, 281 F.3d 1054, 1064-65 (9th Cir. 2002). He has failed to do so.

23    The Navy is entitled to summary judgment on any claim alleging retaliation.

24                                              **CONCLUSION**

25    Viewing Mr. Kim's claims and the underlying facts in a light most favorable to Mr. Kim, no

26  ORDER - 8

1    reasonable trier of fact could conclude that he has suffered any discrimination based on his national

2    origin or gender.  Further there is no evidence that Mr Kim was subject to a hostile work

3    environment or retaliation.  The Secretary of the Navy is entitled to summary judgment of dismissal

4    of Plaintiff's Complaint

5         ACCORDINGLY;

6         IT IS ORDERED:

7         Defendant's Motion for Summary Judgment [Dkt #14] is **GRANTED,** and Plaintiff's

8    Complaint dismissed in its entirety, with prejudice.

9

10         DATED this 11th day of September, 2006.

11

12

13

14                     _____

                 FRANKLIN D. BURGESS

15                  UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26    ORDER - 9